836 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel D. GARNER, Plaintiff-Appellant,
v.
Captain MOORE, Sergeant Scales, Dale Brown, Officer, Officer
Luper, Kenneth Blackburn, Officer, Defendants-Appellees.
 No. 87-7657.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1987.
Decided Dec. 18, 1987.
 
 Samuel D. Garner, appellant pro se.
 LaVee Hamer Jackson, Office of Attorney General of North Carolina, for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel D. Garner, a North Carolina inmate, filed a 42 U.S.C. Sec. 1983 complaint alleging that he has been subjected to harassment and an illegal search and seizure. Subsequent to the filing of the complaint defendants filed a motion for extension of time to file a response to the complaint. The magistrate granted this motion and Garner appeals. We dismiss the appeal.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Final judgment has not yet been entered in this case.
 
 
 3
 The collateral order doctrine provides a limited exception to the final judgment rule. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Under the collateral order doctrine an interlocutory order may be appealed if it (1) conclusively decides the disputed issue; (2) resolves an important issue which is separate from the merits of the case; and (3) is unreviewable on appeal from the judgment. Firestone, supra, at 375. Garner's appeal does not qualify under this doctrine.
 
 
 4
 Accordingly, we dismiss this appeal for lack of jurisdiction. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 DISMISSED.